LISLE v. THE I., M. & N. P. R. Co. ET AL.

1. **Railroads**: RECEIPT: LIABILITY ON. An instrument executed by the treasurer of a railroad company, in the form of an advance receipt for taxes voted in a certain township in aid of the company, and which provided that it should be received by the company from the county treasurer in payment of so much of such taxes, was held not to be collectible from the company or an indorser until it had been tendered in payment of the taxes specified and refused by the county treasurer.

*Appeal from Jasper Circuit Court.*

WEDNESDAY, OCTOBER 6.

THIS is an action at law upon two written instruments of the same tenor and effect, and in these words:

"No. 51.                          MONROE, IOWA, Jan. 23, 1872.

"Received of John Bullard one hundred dollars on the tax voted, or to be voted, by Fairview township, Jasper county, Iowa, in aid of the railroad of the Iowa, Minnesota & North Pacific Railway Company, and this receipt will be received from the treasurer of said Jasper county by the treasurer of said railroad company in payment of said tax; with 10 per cent per annum till due.

"$100.                                     JOHN MEYLER,

"*Treasurer I., M. & N. P. R. Co.*"

It is averred in the petition that John Bullard assigned said written instruments to the plaintiff by indorsing his name thereon, and that they are the property of the plaintiff; that said instruments have been presented to the treasurer of said Iowa, Minnesota & North Pacific Railway Company and payment demanded, which was refused; that the same were also presented to the treasurer of Jasper county and payment demanded, which was refused; that before said instruments were executed a tax had been voted in said Fairview township in aid of said railroad company; that said tax

has not been collected, and the right to the same has been transferred and assigned by said railroad company to A. B. Meeker .& Co., who are the owners of any rights which there may be in said tax, and that it is, therefore, beyond the power of said railway company to cause said written instruments to be received upon said taxes· should the same, or any part thereof, be found collectible, such question being now, and for a long time, in litigation, and their collection disputed.

A judgment was demanded against the defendants for the amounts named in the said written instruments. The defendant Bullard demurred to the petition. The demurrer was sustained. Plaintiff appeals.

*H. S. Winslow*, for appellant.

*Casey & Hobbs*, for appellee.

ROTHROCK, J.—These written instruments are not obligations to pay the amounts of money named therein. They are in the nature of advance receipts for the taxes voted, or to be voted, in aid of the railroad. If the plaintiff had presented the receipts to the treasurer of Jasper county in proper time, and he had refused to accept and take them in payment of the railroad tax, then the defendants might be liable. But until presented in payment of taxes, the defendants are not liable. The plaintiff demanded payment of the treasurer. The receipts do not contemplate that the treasurer shall pay the amounts named therein. They are only authority to him to accept them in payment of the tax. We think this is the plain and obvious meaning af the instruments sued on, and that neither the railroad company defendant nor Bullard were liable without a demand that the receipts should be received in payment of the tax.

1. RAILROADS : receipt : liability on.

AFFIRMED.